**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Cr. No. 12-10172-NMG |
| | ) | |
| **LUIS GUERRA,** | ) | |
| **Defendant** | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

On November 1, 2013, Luis Guerra (hereinafter "Guerra" or the "defendant") pleaded guilty to a one-count Indictment charging him with distribution of cocaine base. The Pre-Sentence Report ("PSR") prepared by the United States Probation Office, dated March 25, 2014, calculated the defendant's guideline sentencing range ("GSR") as 151-188 months. PSR, ¶93. The defendant's GSR is driven by the fact that he is a career offender, the result of prior convictions for distribution of heroin, Trafficking in 28 Grams or More of Cocaine, and Trafficking in 14-28 Grams of Cocaine. Id., ¶¶38, 42, 43. For reasons to be discussed in greater detail at the defendant's sentencing hearing, the government recommends that the Court impose a sentence of 132 months in prison and four years of supervised release.

From 2012-2012, agents with the Federal Bureau of Investigation conducted an investigation targeting leaders, members, and associates of the New Bedford chapter of the Latin

Kings street gang. PSR, ¶9. During the investigation, agents corroborated that Guerra was a Latin King. On his Facebook page, Guerra posted a photograph holding his hands in the shape of a five-pointed crown (a symbol frequently used by members of the gang) and posted other references to the gang. Id., ¶10. When agents arrested Guerra, they seized a Latin Kings manifesto from under his bed. Id.

The defendant's offense – where he was recorded on videotape selling crack cocaine to an FBI cooperating witness – was serious. PSR, ¶¶11-18. However, the government's recommendation is largely driven by Guerra's serious criminal record. In 2002, at age 20, Guerra was convicted of distributing heroin and served an 18 month sentence. Id., ¶38. In 2004, Guerra was arrested after New Bedford police officers seized 94 grams worth of crack cocaine from his bedroom pursuant to a search warrant. Id., ¶42. Officers also seized $2,380 in cash, police scanners, cell phones, and materials commonly used to package drugs for street-level sales from the apartment. Id.

Released on bail, Guerra was arrested again in 2005 for another serious drug offense. Id., ¶43. When New Bedford police officers executed another search warrant at 106 Beetle Street (in the north end of New Bedford, the traditional home of the Latin Kings), an officer on the perimeter watched as 110 bags of crack cocaine were thrown out the window. Id. Officers

arrested the defendant and several other individuals inside 106 Beetle Street and seized money, a digital scale, and packaging materials.  Id.

On the first trafficking case, Guerra was sentenced to 6 years in state prison.  Id., ¶42.  On the second trafficking case, Guerra received a concurrent sentence of 1681 days (or approximately four and a half years) in prison.  Id., ¶43.  When Guerra was released from these lengthy state prison sentences, he went right back to the north end of New Bedford and once again began to distribute crack cocaine.

In reviewing the PSR and the defendant's sentencing memorandum (and accompanying psychological examination), there is no dispute that the defendant grew up under difficult circumstances, had limited educational opportunities, and suffers from the effects of substance abuse.  However, the defendant's recommendation fails to discuss (indeed, even mention) his prior criminal history and excuses or ignores his ties to a violent street gang.  In the government's view, but for the defendant's personal characteristics, see PSR, ¶¶74-84, a guideline sentence would have been warranted.

The government's recommended sentence will generally deter others who repeatedly engage in drug trafficking, specifically deter the defendant (who will be incapacitated until his mid-40s), promote respect for the law, and protect the public.  The

government's recommendation is sufficient, but not greater than necessary, to achieve the goals of sentencing. See 18 U.S.C. § 3553(a).

Finally, in order to adequately protect the public, the government requests that while on supervised release, the defendant be excluded from the north end area of the New Bedford, the traditional home of the Latin Kings and an area where many of the drug sales in this case took place, see Exhibit 1, and precluded from associating with other Latin King gang members, see Exhibit 2. The government has proposed these restrictions for each of the defendants charged in the Latin King investigation.

Accordingly, the government requests that the Court sentence the defendant to 132 months in prison and four years of supervised release with the geographic and associational restrictions proposed herein.

                              Respectfully submitted,

                              CARMEN M. ORTIZ
                              United States Attorney

                     By: /s/ Christopher Pohl
                          Christopher Pohl
                          Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 19, 2014.

                                          /s/ Christopher Pohl
                                          Christopher Pohl
                                          Assistant U.S. Attorney